## SARETSKY v. SARETSKY.

DIVORCE—ALIMONY—INCOME OF HUSBAND.

In suit for divorce on ground of extreme cruelty brought after parties had been living together somewhat over two years, award of some of the household goods and $10 a week is not disturbed where it appears that although value of defendant's services on fruit farm owned by his mother was in excess of $100 a month, he had filed an income tax return for the year parties were married showing income of $1,700, gross profits from farm were $8,000, and defendant had not given her over $200 during entire married life; such award being subject to increase or decrease upon a proper showing of change of circumstances.

Appeal from Berrien; O'Hara (Chester P.), J., presiding. Submitted April 5, 1945. (Docket No. 41, Calendar No. 42,913.) Decided June 4, 1945.

Bill by Jeanette Saretsky against William Saretsky for a divorce on grounds of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Thomas N. Robinson,* for plaintiff.

*E. A. Westin (White & White,* of counsel), for defendant.

BUTZEL, J. Plaintiff Jeanette Saretsky married William Saretsky February 9, 1941. They lived together until April 2, 1943, on an 80-acre fruit farm three miles from Benton Harbor, Michigan. It belonged to defendant's parents and upon the death of his father to defendant's mother. In November, 1943, plaintiff filed her bill of divorce in which she alleged extreme cruelty. At the hearing she testified that defendant managed the fruit farm and worked there. She worked on the farm and also did house work. She did the work of hired help, but without pay. Defendant's father died in November, 1942, and his mother thereupon became the sole owner of the farm. Whether because of an overpowering love for his mother or a fear that he might not inherit the farm if he offended her, he remained completely under her domination and influence. She made unreasonable demands upon plaintiff and constantly found fault and quarreled with her. There was but little privacy in plaintiff's married life at any time. Defendant was exceedingly parsimonious and begrudged plaintiff the very small amounts that she received. This was far less than he would have had to pay hired help. In her entire married life she did not receive over $200 from defendant. One time he struck her. She suffered in health from the abuse and neglect, but had

almost recovered at the time of the hearing. She finally left the home. The judge awarded her a few of the household goods and the sum of $10 a week until the further order of the court.

Defendant only appeals from the portion of the decree providing for alimony. He contends that at the most he should only pay a lump sum of $500 for a full release. He does not own the farm. It originally cost $40,000. He says the value of his services to his mother is $100 a month. The record indicates that his services were worth an amount in excess of this sum. He claims that the farm is only worth $22,000, and that it is subject to an unpaid mortgage of $8,000. In 1941, defendant filed an income tax return showing his income to be $1,700. The gross profits from the farm were almost $8,000. In 1942, he and his mother made a joint return. Obviously plaintiff was not awarded any interest in the property.

The judge properly took all the circumstances into consideration in awarding alimony of $10 per week until the further order of the court. He also gave her the refrigerator toward which she had partly paid with money she received as a wedding present; also two other articles of lesser value which she had received as wedding gifts. We find no error in the decree. The allowance can be increased or decreased upon a proper showing of change of circumstances.

Decree affirmed, with costs to plaintiff.

STARR, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.